**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR FERNANDEZ,  )<br>         Plaintiff,  )<br>    v.  )<br>MICHAEL J. ASTRUE,  )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY ADMINISTRATION,  )<br>         Defendant.  )<br>_____ ) | Case No. CV 09-7222 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION AND SUMMARY

On October 16, 2009, plaintiff Oscar Fernandez ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant" or "Commissioner"), the Commissioner of the Social Security Administration, seeking review of a denial of supplemental security income and disability insurance benefits. [Docket No. 3.]

On April 20, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 12, 13.]

On April 20, 2010, this matter was transferred to the calendar of the undersigned Magistrate Judge. [Docket No. 14.] Both Plaintiff and Defendant subsequently consented to proceed for all purposes before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 16, 19.]

Pursuant to an October 23, 2009 case management order, the parties submitted a detailed, 17-page joint stipulation for decision on June 24, 2010. [Docket No. 18.] The Court deems the matter suitable for adjudication without oral argument.

In sum, having carefully studied, *inter alia*, the parties' joint stipulation, the administrative record, *and the prior decisions* of the ALJ and this Court, the Court concludes that, as described below, Plaintiff's claim is foreclosed by the administrative *res judicata* doctrine. Plaintiff fails to provide any evidence of changed circumstances to rebut a continuing presumption of nondisability, which was established only two years ago by this very Court and must be afforded preclusive effect. Thus, the Court affirms the Commissioner's decision denying benefits.

## II.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has a fourth-grade education and was 53 years old on the date of his administrative hearing. (*See* Administrative Record ("AR") at 119, 403, 409.) His prior relevant work includes employment as a janitor. (*Id.* at 25, 431.)

Albeit, during the administrative hearing, the Administrative Law Judge ("ALJ") did note that Plaintiff previously testified that he completed the *sixth* grade. (*See* AR at 409.)

Plaintiff has filed three sets of applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act"), including the applications at issue herein. (Joint Stip. at 2); 42 U.S.C. § 405(g).

On June 15, 2004, Plaintiff filed his second set of applications for DIB and SSI on the basis of hypertension, diabetes, seizures, headaches, and memory loss. (AR at 57.) On November 24, 2006, the ALJ denied Plaintiff's request for benefits ("2006 Decision"). (*Id.* at 57-76.) On August 4, 2007, the Appeals Council affirmed the ALJ's decision. (*Id.* at 10.)

1         Following the Appeals Council's denial, Plaintiff filed an action in this Court,
2  Case No. ED CV 07-6145 JTL, seeking review of the Commissioner's decision
3  denying his claim. (AR at 10.) On August 18, 2008, the Court affirmed the ALJ's
4  decision. (*Id.*)

5         On December 31, 2006, Plaintiff filed the current applications for SSI and
6  DIB, claiming that he has been disabled since April 30, 2001 due to seizures,
7  diabetes, high blood pressure, fatigue, pain, and high cholesterol.[1] (AR at 90, 119-
8  126, 127-131, 132-134.) Plaintiff's applications were denied initially and on
9  reconsideration, after which he filed a timely request for a hearing. (*Id.* at 10, 83,
10 84-88, 89, 90-94.)

11        On May 12, 2009, over two years after he filed his applications, Plaintiff,
12 represented by counsel, appeared and testified at a hearing before an ALJ. (AR at
13 403, 405-431.) The ALJ also heard testimony from Alan E. Cummings, a vocational
14 expert ("VE"). (*Id.* at 106, 403, 431-434.) On June 17, 2009, the ALJ issued an
15 unfavorable decision denying Plaintiff's request for benefits. (*Id.* at 10-30.)

16        Applying a well-established five-step sequential evaluation process, the ALJ
17 found, at step one, that Plaintiff has not engaged in substantial gainful activity since
18 his alleged onset date of disability. (AR at 27.)

19        At step two, the ALJ found that Plaintiff suffers from severe impairments
20 consisting of "seizure disorder, history of right hand injury, early degenerative
21 changes in the right knee, diabetes mellitus, hypertension and obesity." (AR at 27
22 (emphasis omitted).)

23        At step three, the ALJ determined that the evidence does not demonstrate that
24 Plaintiff's impairments, either individually or in combination, meet or medically

---

[1] Plaintiff's SSI application lists a filing date of January 10, 2007 and his DIB application lists a filing date of December 20, 2006. (*See* AR at 119-126, 132-134.) However, both parties and the ALJ refer to the current applications as filed on December 31, 2006. (*See* Joint Stip. at 2; AR at 10.)

3

equal the severity of any listing set forth in the Social Security regulations.[2/] (AR at 27.)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[3/] and determined that he can perform light work, specifically, the ALJ found that Plaintiff can:

> lift and carry up to 10 pounds frequently and 20 pounds occasionally, stand and/or walk 6/8 hours, sit 6/8 hours, push/pull frequently with the right upper extremity and push/pull occasionally with the right lower extremity, [handle] occasional walking on uneven terrain, otherwise normal push/pull with the bilateral upper extremities and bilateral lower extremities, occasional climbing, balancing, stooping, kneeling, crouching and crawling, frequent handling and fingering with the right upper extremity[.]

(AR at 27 (emphasis omitted).)

The ALJ also found that Plaintiff's "bilateral upper extremities have normal reaching, handling, fingering and feeling[, but he should] avoid even moderate exposure to extreme heat and cold, unprotected heights and hazardous machinery." (AR at 27 (emphasis omitted).)

Based on Plaintiff's RFC, the ALJ found, at step four, that Plaintiff lacks the ability to perform his past relevant work. (AR at 29.)

---

[2/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[3/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

1    At step five, based on Plaintiff's age, education, work experience, RFC, and
2 the VE's testimony, the ALJ found that "there are jobs that exist in significant
3 numbers in the national economy that [Plaintiff] can perform," including *packager*
4 and *inspector*. (AR at 29-30 (emphasis omitted).)
5    Thus, the ALJ concluded that Plaintiff was not suffering from a disability as
6 defined by the Act because he could adjust to his impairments and find another type
7 of gainful employment. (AR at 30.)
8    Plaintiff filed a timely request for review of the ALJ's decision, which was
9 denied by the Appeals Council. (AR at 3-5, 6.) The ALJ's decision stands as the
10 final decision of the Commissioner.

## III.

## ISSUE PRESENTED

13    A single disputed issue is presented here: whether the ALJ's finding that
14 Plaintiff is "able to speak and understand 'at least a simple' conversation in English"
15 conflicts with her finding that Plaintiff is able to perform the jobs of packager and
16 inspector. (*See* Joint Stip. at 4-11, 15-16.)
17    Plaintiff contends that because the jobs of packager and inspector necessitate,
18 according to the Dictionary of Occupational Titles, a "language development level
19 two," which denotes, among other things, that the individual retains a passive
20 vocabulary of 5,000 to 6,000 words and reads at a rate of 190-215 words per minute,
21 the ALJ's finding conflicts with Plaintiff's actual English language skills. (Joint
22 Stip. at 4.)

## IV.

## DISCUSSION AND ANALYSIS

25    The arguments are straightforward. On the one hand, Plaintiff contends that
26 the ALJ's finding regarding Plaintiff's language skills is inconsistent with her
27 determination that Plaintiff can perform the jobs of packager and inspector. The
28 jobs identified by the ALJ require a greater language skill level, as defined by the

5

Dictionary of Occupational Titles, than that possessed by Plaintiff. (*See* Joint Stip. at 4-9.) Plaintiff further alleges that the ALJ failed to address this inconsistency, as she must, during her questioning of the VE or explain the conflict in her decision. (*See id.* at 9-11.)

On the other hand, Defendant argues that Plaintiff's claim is barred by administrative *res judicata*. Specifically, Plaintiff fails to demonstrate "changed circumstances" sufficient to deviate from a prior decision determining nondisability, including the earlier finding that Plaintiff could function as a packager and inspector – the same job classifications cited here. (Joint Stip. at 11-13.) Defendant also maintains that, in any event, substantial evidence supports the ALJ's determination regarding Plaintiff's language ability to perform the jobs identified. (*Id.* at 13-15.)

The Court concurs with Defendant.

A.  Absent Changed Circumstances, a Prior Decision's Findings Must Stand

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Administrative *res judicata* "applies generally in Social Security cases [and] can be invoked both by a claimant and by the Social Security Administration." *Bloch on Social Security* § 5:18 (2008).

Thus, *res judicata* applies if the Commissioner has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. §§ 404.957(c)(1) & 416.1457(c)(1).

A previous final determination of nondisability creates a presumption of continuing nondisability with respect to any subsequent unadjudicated period of alleged disability. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996); *see also*

1 *Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985); *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566, 568-69 (9th Cir. 1983); Social Security Acquiescence Ruling ("SSAR")[4/] 97-4(9), 1997 WL 742758.

This presumption may be overcome by a showing of "changed circumstances." *Chavez*, 844 F.2d at 693; *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). To show "changed circumstances," the evidence must establish that the claimant suffers from an impairment that indicates a greater disability since the prior decision denying benefits. *Chavez,* 844 F.2d at 693.

In other words, the presumption of nondisability does not apply if the claimant raises an issue not considered in the previous decision, such as the existence of a new impairment, or demonstrates an increase in the severity of an impairment, either one of which adversely affects his residual functional capacity. *See Lester*, 81 F.3d at 827.

The presumption does *apply*, however, "where the final decision by the ALJ on the prior claim, which found the claimant not disabled, contained findings of the claimant's residual functional capacity, *education*, and work experience." SSAR 97-4(9), 1997 WL 742758, at *2 (emphasis added). In that event, the Social Security Administration "may not make different findings in adjudicating the subsequent disability claim unless there is new and material evidence relating to the claimant's residual functional capacity, education or work experience." *Id.*

B. <u>Plaintiff Fails to Demonstrate Any Changed Circumstance</u>

Here, the ALJ found that the circumstances had not materially changed since

---

[4/] The Commissioner issues SSARs when a "United States Court of Appeals['] holding conflicts with [the Commissioner's] interpretation of a provision of the . . . Act or regulations[.]" 20 C.F.R. § 416.1485(b). SSARs are "binding on all components of the Social Security Administration[.]" *Id.* at § 402.35(b)(2); *accord Pinto v. Massanari*, 249 F.3d 840, 844 n. 3 (9th Cir. 2001).

the date of the prior decision. (*See* AR at 11, 13, 14.) Plaintiff cannot contest this finding or otherwise meaningful demonstrate why *res judicata* principles should not bar his current claim. (*See generally* Joint Stip. at 2-11, 16.) At least three reasons compel this conclusion.

First, there is an admission of "no evidence" to reflect a "changed circumstance" on Plaintiff's ability to speak English *as previously determined*. At the administrative hearing, Plaintiff's counsel acknowledged that he had "NO evidence to overturn the two prior [ALJ] decisions issued on the prior claims filed by [Plaintiff], including the last final [ALJ] decision issued on November 24, 2008, that was affirmed by the District Court." (AR at 11.) Plaintiff's counsel stated that he "would be interested . . . in talking about new mental limitations which developed in 12/06," *but* submitted no new evidence apart from Plaintiff's testimony on those limitations. (*Id.* at 408.) Thus, Plaintiff, himself, opted to close the door on revisiting his education, including his English language capabilities. 20 C.F.R. § 404.988 (allowing for reopening prior determinations for good cause).

Second, Plaintiff's effort to wedge an incongruity here – based on the ALJ's "vague" findings – is also illusory. Plaintiff myopically focuses on the ALJ's conclusion that Plaintiff is "able to speak and understand 'at least a simple' conversation in English." (*See* Joint Stip. at 4.) The *fuller* finding, however, is that the ALJ explicitly found "no basis to reopen the previous determinations on [Plaintiff's] prior applications," including, naturally, the findings on his educational level to function as a packager or inspector. (AR at 13.) This rationale is lent additional heft when the ALJ also noted that Plaintiff consistently changes his reports on how much education he has. (*See id.* at 13, 28, 409-410.) Like Plaintiff, the ALJ also kept the door shut on Plaintiff's education.

Third, while Plaintiff argues that *res judicata* does not apply to his claim because "the ability to communicate English is not part of the sequential process but rather a vocational factor to be considered," (*see* Joint Stip. at 16), the Court is

8

unable to locate any authority for such a carve-out proposition, and Plaintiff does not cite to any. (*See generally id.* at 1-17.) In fact, the authority that does exist strongly suggests that the scope of administrative *res judicata* and the related doctrine of collateral estoppel prevent, at a minimum, the re-litigation of Plaintiff's *education* under the circumstances presented here. *Chavez*, 844 F.2d at 694 ("Principles of res judicata made binding the first judge's determinations that the claimant . . . was of limited education[.]"); *see also Clark v. Astrue*, 2009 WL 2579486, at *2-*3 (C.D. Cal. 2009) (where plaintiff alleges same basis for medical disability that was previously alleged in his prior two claims for disability, presumption of continuing nondisability ordinarily applies).

In the end, it has already been judicially found once that Plaintiff can perform the jobs of packager and inspector. This was *originally* made by the ALJ in the 2006 Decision. (*See* AR at 75 (finding Plaintiff capable of performing jobs of "inspector, hand packager").) That decision was then, in turn, affirmed by this Court in 2008. (*See id.* at 80-82.) Plaintiff failed to meet his burden to rebut this presumption. Speculation cannot now substitute for "changed circumstances." *See Ellison v. Astrue*, 2008 WL 4425764, at *3 (C.D. Cal. 2008) (finding that plaintiff did not rebut the presumption of continuing nondisability where plaintiff presented no facts of changed circumstances, and instead, simply attacks ALJ's finding that plaintiff could perform jobs of sales clerk and account clerk).[5]

---

[5] Although Defendant also argues that the ALJ's decision with respect to Plaintiff's language skills is supported by substantial evidence, (Joint Stip. at 13-15), the Court need not reach that issue at this time because it is clear that Plaintiff's claim is barred by administrative *res judicata*. In any event, assuming, without deciding, that the ALJ erred, the Court notes that Plaintiff's prior employment as a janitor required language level two ability. *See Dictionary of Occupational Titles* 381.687-018, 1991 WL 673258 (occupation of janitor requires language level two, which includes passive vocabulary of 5,000-6,000 words and reading rate of 190-215 words per minute).

1   Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
2   **AFFIRMING** the decision of the Commissioner denying benefits.

4   Dated: September 20, 2010                        _____
5                                                                  Hon. Jay C. Gandhi
                                                                United States Magistrate Judge